816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTEGRITY INSURANCE COMPANY, Plaintiff-Appellant,
v.
BANGOR PUNTA CORPORATION and Smith & Wesson Ammunition
Company, Defendants- Appellees.
 No. 86-1422.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Integrity Insurance Company appeals from a summary judgment rendered against its claim, which sought indemnification or contribution from defendants Bangor Punta Corporation and Smith & Wesson Ammunition Company following a settlement that Integrity Insurance Company had made with the original plaintiffs. Defendants denied that they were liable to plaintiffs or to Integrity under either Michigan principles of indemnity or the statutory requirements of Michigan's contribution law. Mich. Comp. Laws Ann. Sec.Sec. 600.2925a, 600.2925d (West 1986). We AFFIRM.
 
 
 2
 Roland Tauriainen originally filed suit against police officer Richard VanSice and his employer, the City of Sterling Heights, alleging that in the course of his duties and while endeavoring to arrest Tauriainen, VanSice unlawfully discharged his gun causing Tauriainen serious injuries. Tauriainen subsequently joined Bangor Punta Corporation and Smith & Wesson Ammunition Company upon a claim that they were likewise negligent in the design and manufacture of the handgun discharged by Officer VanSice. Before suit, Tauriainen entered into a $1,000,000 settlement with Officer VanSice and the City, which presumably has been paid by appellant Integrity as insurer. Approximately one month later, Tauriainen also entered into a $50,000 settlement of his suit again Smith & Wesson.
 
 
 3
 Just prior to formal settlement, Integrity filed a cross-claim against defendants Bangor Punta and Smith & Wesson asserting liability on their part for a portion or all of the $1,000,000 settlement and alleging that, although given an opportunity to participate in such settlement, the defendants had expressly refused to cooperate.
 
 
 4
 We fully agree with the trial judge's conclusion that the plaintiff's cross-claim cannot as a matter of law support recovery by Integrity on a theory of indemnification under Michigan law, it being plain from the pleadings in the underlying litigation that recovery against Officer VanSice and the City was based upon charges of active negligence and intentional wrongdoing rather than upon any theory of passive or vicarious liability.
 
 
 5
 Principal emphasis by the trial judge in granting summary judgment to defendants was placed upon Mich. Comp. Laws Ann. Sec.600.2925a(3)(a), which states that a tortfeasor . who enters into a settlement is not entitled to contribution where the liability of the contributee for the injury has not been extinguished. Integrity points to the settlement agreement of July 23, 1985 and in particular to section VI thereof, and claims that the agreement is plainly designed to effect total settlement of all claims between Tauriainen and the other parties to the underlying suit. After considering all of the evidence properly submitted by the parties in connection with motions for summary judgment, United States District Judge James Harvey concluded that the settlement by its terms only extinguished the liability of Sterling Heights and Officer VanSice to plaintiff Tauriainen, and was not intended to deprive Mr. Tauriainen and his family of the opportunity to pursue any further action they might have against Bangor Punta and Smith & Wesson.
 
 
 6
 We agree with Judge Harvey's construction of the settlement agreement as precluding Integrity's claim for contribution from Bangor Punta and Smith & Wesson. Judge Harvey dismissed only Sterling Heights and Officer VanSice based on the settlement agreement; Bangor Punta and Smith & Wesson remained parties until their separate settlement with Mr. Tauriainen for $50,000. Further support for Judge Harvey's construction of the agreement is found in Integrity's own response to the defendants' motion for summary judgment, in which it acknowledged that "defendants correctly defined the meaning of contribution and correctly state that their liability was not extinguished by the settlement agreement entered into by Mr. Tauriainen and Officer VanSice and the City." While Integrity seeks to characterize this statement not as an admission but as a recognition that liability for contribution would remain after the settlement, it is evident that Integrity did not conceive itself as having been successful in persuading the original plaintiffs to accept the proffered sum in fun settlement of the claim against Bangor Punta and Smith & Wesson as well. Integrity also argues that Bangor Punta and Smith & Wesson should be equitably estopped from invoking the language of Mich. Comp. Laws Ann. Sec. 600.2925a(3)(a) because they refused to join in settlement negotiations along with Sterling Heights and Officer VanSice. That argument itself recognizes that the claims against Bangor Punta and Smith & Wesson were not resolved by the $1,000,000 settlement. Since the extinguishment of all claims was a prerequisite to liability on the part of Bangor Punta and Smith & Wesson under a theory of contribution, we conclude that Judge Harvey did not err in granting summary judgment in favor of defendants. Because we conclude that judgment was properly entered against Integrity based on Mich. Comp. Laws Ann. Sec.600.2925a(3)(a), we need not address whether a further defense under Sec.600.2925d was available because the defendants had subsequently and for valid consideration made a separate settlement with the original plaintiffs.
 
 
 7
 AFFIRMED.